# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
APPEAL NO.: 23-12285-D
LT CASE NO.: 9:22-cv-81149-AMC

**YOLANDA HERNANDEZ**,

    Appellant,

v.

**CAREERSOURCE PALM BEACH
COUNTY, FLORIDA,**

    Appellee.

_____

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

## APPELLANT'S INITIAL BRIEF
_____

*G. Ware Cornell, Jr.*
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Attorney for Appellant*
2645 Executive Park Drive
Weston, Fla. 33331
Ph: (954) 618-1041

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Rule 26. 1 of the Federal Rules of Appellate Procedures, Appellant files his Certificate of Interested Persons and Corporate Disclosure Statement.

The following people and corporate entities are interested persons:

1. Honorable Aileen M. Cannon, United States District Judge

2. Honorable Ryan M. McCabe, United States Magistrate Judge

3. Yolanda Hernandez, Appellant

4. Cornell & Associates, P.A., Counsel for Appellant

5. G. Ware Cornell, Jr., Counsel for Appellant

6. CareerSource Palm Beach County, Florida, Appellee

7. Ward Damon, P.L., Counsel for Appellee

8. Kenneth Mark Rehns, Counsel for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, YOLANDA HERNANDEZ, requests oral argument to assist the Court in understanding why the district court erred in granting a final order of dismissal for gender discrimination claims arising under Title VII and the Florida Civil Rights Act of 1992, 760.101 et seq.

## TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS…………………………………………2

STATEMENT REGARDING ORAL ARGUMENT……………………………….3

TABLE OF CONTENTS …………………………………………………………..4

TABLE OF CITATIONS …………………………………………………………...5

STATEMENT OF THE ISSUES ON APPEAL……………………………………6

STATEMENT REGARDING JURISDICTION…………………………………...6

STATEMENT OF THE CASE……………………………………………………6

SUMMARY OF ARGUMENT……………………………………………………7

ARGUMENT……………………………………………………………………….8

    I. The  Amended Complaint was no "shotgun pleading"……………………8

    II. The District Court Abused Its Discretion in Dismissing the State Discrimination Claim With Prejudice……………………………………………………10

    III. The District Court Erred When She Sanctioned A Lower Standard of Behavior For Executives Than For Other Managers………………………….11

CONCLUSION……………………………………………………………………...13

CERTIFICATE OF COMPLIANCE……………………………………………...14

CERTIFICATE OF SERVICE……………………………………………………14

## TABLE OF CITATIONS

**CASES**                                                                    **PAGE**

City of Delray Beach v. DeSisto

     197 So. 3d 1206, 1209 (Fla. 4th DCA 2016)…………………………………10

Vibe Micro, Inc. v. Shabanets

     878 F.3d 1291, 1296–97 (11th Cir. 2018)………………………………..7, 10

Weiland v. Palm Beach Cnty. Sheriff's Office

     792 F.3d 1313, 1320 (11th Cir. 2015)………………………………………..9

**STATUTES**

Title VII………………………………………………………………….3, 7, 9

Florida Civil Rights Act…………………………………………………….3, 7, 9

28 U.S.C. §1291……………………………………………………………6

5

## STATEMENT OF THE ISSUES ON APPEAL

Appellant states that these are the issues on appeal:

1. Did the District Court improperly dismiss a simple, clear, and plausible claim of gender discrimination as a "shotgun pleading"?

2. At the pleading stage, did the Amended Complaint establish the existence of two (2) comparators so that dismissal was improper?

3. By dismissing both the federal and state claims with prejudice, did the District Court fail to follow controlling precedent in this Circuit?

## STATEMENT REGARDING JURISDICTION

This is an appeal arising from a decision of a United States District Court that is within the jurisdiction of the Eleventh Circuit Court of Appeals. Jurisdiction of this Court is conferred by 28 U.S.C. §1291, granting jurisdiction to the Court of Appeals over final decisions of the district courts. The Final Judgment in favor of Defendant is a final decision within the contemplation of this section.

## STATEMENT OF THE CASE

After the Initial Complaint [Doc. 1] alleging gender discrimination in her termination was dismissed, the Appellant filed an Amended Complaint [Doc. 14]. In her Amended Complaint, Appellant alleged that she was treated differently than two (2) male comparators observed or rumored to have engaged in affairs with employees [Doc. 14, ¶ 17, 20].

The Magistrate Judge issued a Report and Recommendation [Doc. 24] to

grant the Motion to Dismiss with Prejudice. An objection [Doc. 25] was filed but the Court adopted the Report and Recommendation and dismissed the case with prejudice [Doc. 27].

This appeal was timely filed thereafter [Doc. 28].

## SUMMARY OF ARGUMENT

The District Court abused its discretion in dismissing both federal and state law claims with prejudice. First, the joinder of the Title VII claim for sex discrimination along with a gender discrimination claim under the Florida Civil Rights Act, did not constitute a shotgun pleading.

As set forth in the Amended Complaint [Doc. 14], there was but one (1) claim - gender discrimination - which violated both laws, and at trial, the jury is instructed the same. Although certain verdicts may need some consideration as to the extent of the remedy, this can easily be resolved post trial, if necessary.

Of greater note, was that following the initial order adopting the Report and Recommendation [Doc. 13] of the Magistrate Judge asserting that no comparators had been pleaded, Appellant provided detailed explanations of how male managers had retained their positions while lower ranking female managers, who were suspected of having relationships with other employees, could be terminated because the higher ranking managers were more valuable to the employer.

This holding would also preclude the Appellant from pursuing available state remedies had the District Judge followed the holding of <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1296–97 (11th Cir. 2018). As such, even if she had

dismissed it without prejudice, her holding would require a state court to dismiss on res judicatory grounds.

Finally, the District Judge improperly affirmed a Report and Recommendation which was, at least in part, the result of improper speculation.

## ARGUMENT

### The Amended Complaint was no "shotgun pleading"

Shotgun pleadings in this circuit are directed to the element of confusion and do not provide any basis for the dismissal of a single discrimination claim brought under the laws of two sovereigns.

This Court delved into the history of its "shotgun pleading" jurisprudence two years ago:

> Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The first published opinion to discuss shotgun pleadings in any meaningful way (albeit in a dissenting footnote) described the problem with shotgun pleadings under the federal rules. *See T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520 (11th Cir.1985). The footnote, which began by quoting Rules 8(a)(2) and 10(b), commented: The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.*Id.* at 1544 n. 14 (Tjoflat, J., dissenting).[8] That footnote described the complaint at issue in *T.D.S.* as "a paradigmatic shotgun pleading, containing a variety of contract and tort claims interwoven

in a haphazard fashion." *Id.*

<u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015)

What was presented in the single count Amended Complaint was one (1) claim based on discrimination on account of gender. No one, neither the Magistrate Judge, the District Judge, or even opposing counsel, asserted any confusion. Instead, minor differences in available remedies under the separate acts were set forth.

It is well established that both federal and state courts look to federal law when analyzing claims under the Florida Civil Rights Act. Furthermore, juries in both state and federal courts in Florida are never instructed in available remedies specific to issues arising under Title VII and the Florida Civil Rights Act. They are not told of caps on compensatory and punitive damages for instance, rather, a verdict form is used and to the extent caps are exceeded, the trial judge remits the verdict in accordance with the various laws.

For instance, the Fourth District Court of Appeals, in a disability case under the Florida Civil Rights Act, has approved use of this Court's patterned jury instructions:

> The instruction proposed by DeSisto and utilized by the trial court was based on the "Americans with Disabilities Act: Reasonable Accommodation Claim" pattern jury instruction published by the Eleventh Circuit. DeSisto brought his lawsuit pursuant to the "Unlawful employment practices" section of FCRA, which provides that it is unlawful for an employer to discharge or otherwise discriminate against an individual with respect to "compensation, terms, conditions, or privileges of employment" because of the individual's handicap. § 760.10(1)(a), Fla. Stat. (2012). "Courts construe

the FCRA in conformity with the federal American[s] with Disabilities Act (ADA)." McCaw Cellular Commc'ns of Fla., Inc. v. Kwiatek, 763 So.2d 1063, 1065 (Fla. 4th DCA 1999). Accordingly, it was appropriate for the court to look to the federal ADA jury instructions for guidance on DeSisto's FCRA claim. Additionally, the Reasonable Accommodation pattern jury instruction fairly stated the applicable law surrounding DeSisto's cause of action as pleaded. Therefore, the court did not abuse its discretion in utilizing DeSisto's proposed instruction over the City's proposed instruction.

City of Delray Beach v. DeSisto, 197 So. 3d 1206, 1209 (Fla. 4th DCA

2016)

Simply put, the District Court, spurred on by Appellee, adopted a mechanical reading of case law and dismissed a simple one (1) count complaint whose meaning was never in doubt.

### The District Court Abused Its Discretion in Dismissing the State Discrimination Claim With Prejudice

Even if the Amended Complaint constituted a shotgun pleading, the District Judge abused her discretion in dismissing the Amended Complaint with prejudice. Under governing circuit law, her Order failed to take into account the following case:

We find that to be particularly the case where, as here, the dismissal occurs without any analysis of the merits of the state claims. The district court dismissed the entire SAC with prejudice on non-merits Rule 8 grounds. However, to whatever extent that the SAC includes state law claims, the dismissal should have been without prejudice as to refiling in state *1297 court. Therefore, we remand for the limited purpose of clarifying the order in this respect.

Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296–97 (11th Cir. 2018)

Given that the Complaint was clear, unambiguous, and simply asserted, the District Court exceeded her discretion in dismissing Appellant's state claim and effectively barring her from pursuing those remedies when it held that her comparators were insufficient .

### The District Court Erred When She Sanctioned A Lower Standard of Behavior For Executives Than For Other Managers

Normally, we would expect an organization to hold its senior management to higher standards than other employees and managers. Both the Magistrate and the District judges offered a new maxim. Senior leaders may behave worse than the employee they supervise.

Consider the allegations in the Amended Complaint:

18. For instance, a male Vice President was discovered by a cleaningworker having sex with a subordinate female employee in a conference room. This was reported to Human Resources and no action was taken against the male Vice President.

19. On another occasion the Chief Operating Officer was rumored to be having an affair with a subordinate whom he married very shortly after his wife died. No disciplinary action was ever taken against him.

The Magistrate Judge concluded that these male executives were not comparators. He held:

Here, the Amended Complaint identifies two comparators: (1) an unnamed male Vice President who was discovered having sex in a conference room with a subordinate yet was not terminated (DE 14 ¶ 18); and (2) an unnamed male Chief Operating Officer who was rumored to be having an affair with a subordinate yet was not terminated (DE 14 ¶ 19).

The Court finds these comparators differ from Plaintiff in at least two material respects. First, the comparators held executive titles of Vice President and Chief Operating Officer, whereas Plaintiff held a middle management title of Program Manager. Second, the comparators engaged in affairs with subordinates, whereas Plaintiff allegedly engaged in an affair with the former leader of the organization. The new leadership may well have had legitimate business reasons – unrelated to sex discrimination – to terminate an employee who was rumored to have had an affair with the former leadership. This factor distinguishes the two comparators.

[Doc 24, p. 6]

In the second Report and Recommendation [Doc. 24], which was adopted by the District Court over objection, the Magistrate Judge failed to recognize that the second comparator was also the subject of rumors about marital infidelity but was not disciplined much less terminated.

Despite that Plaintiff's termination was the result of rumors of her affair with the former CEO, the District Court adopted the Magistrate Judge's speculation about what the evidence in the case might show.

Further, the Report explains that "[t]he new leadership [of the company] may well have had legitimate business reasons—unrelated to sex discrimination—to terminate an employee who was rumored to have had an affair with the former leadership. This factor distinguishes the two comparators"

[Doc. 27, p. 5]

There was no evidence presented in the Second Motion to Dismiss [Doc. 17]

12

by the Appellee. It was the District Judge's responsibility to correct the blatant error of the Magistrate Judge. Instead, the Court below emphasized and expanded upon the clear error.

## CONCLUSION

Therefore, this Court should return it to the District Court with instructions to permit full discovery to begin and then to set this case for jury trial.

<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,410 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface with Times New Roman 14-point font.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 21, 2023, I served a copy of this brief via Federal Express Next Day to the Clerk of this Court and to counsel for the Appellee.

**DATED SEPTEMBER 21, 2023**

**FOR APPELLANT:**

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 641-3441