CASE NO.: 23-12285-D
DISTRICT COURT NO.: 9:22-CV-81149-CANNON

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

YOLANDA HERNANDEZ

      Appellant,

vs.

CAREERSOURCE PALM BEACH COUNTY, INC
and PALM BEACH WORKFORCE DEVELOPMENT
CONSORTIUM

      Appellee.

_____

On Appeal from Order from the United States District Court for the
Southern District of Florida Accepting Magistrate Judge's Report
and Recommendation Dismissing Appellant's Case with Prejudice

_____

RESPONSE BRIEF OF APPELLEES CAREERSOURCE PALM
BEACH COUNTY, INC. and PALM BEACH COUNTY
WORKFORCE DEVELOPMENT CONSORTIUM

_____

Kenneth M. Rehns, Esq.
WARD DAMON PL
4420 Beacon Circle
West Palm Beach, Florida 33407-3281
Telephone: (561) 842-3000
Facsimile: (561) 842-3626
Email: krehns@warddamon.com
*Attorneys for Appellees*

*Yolanda Hernandez v. Careersource Palm Beach County, Inc., et al.*

No. 23-12285

**CERTIFICATE OF INTERESTED PERSONS PURSUANT TO FED. R. APP.
P. 26.1**

Appellees, CareerSource Palm Beach County, Inc., and Palm Beach
Workforce Development Consortium by and through undersigned counsel, hereby
files this Certificate of Interested Persons and Corporate Disclosure Statement,
pursuant to Rule 26.1, *Fed. R. App. P.*

<u>Certificate of Interested Persons</u>

Appellees submit this complete list, as known to this filer, of all trial judges,
attorneys, persons, associations of persons, films, partnerships, or corporations that
have an interest in the outcome of the particular case or appeal, including
subsidiaries, conglomerates, affiliates, parent corporations, any publicly held
corporation that owns 10% or more of the party's stock, and other identifiable legal
entities related to a party as follows:

Cannon, Aileen M.  – United States District Court Judge

CareerSource Palm Beach County, Inc. – Appellee

Cornell & Associates, P.A. – Law Firm for Appellant

Cornell, Jr., G. Ware – Counsel for Appellant

Hernandez, Yolanda – Appellant

McCabe, Ryan M. – United States District Court Judge

Palm Beach Workforce Development Consortium - Appellee

C-1 of 2

*Yolanda Hernandez v. Careersource Palm Beach County, Inc., et al.*

No. 23-12285

Rehns, Kenneth M. – Counsel for Appellee

Ward Damon, PL – Law Firm for Appellee

<u>Corporate Disclosure Statement</u>

CareerSource Palm Beach County, Inc. is a not-for-profit organization chartered by the state of Florida and has no parent corporation or subsidiaries, nor any publicly held stock.

Palm Beach Workforce Development Consortium is an independent special district established pursuant to Chapter 189, Florida Statutes to serve as the administrative entity for services offered to the public through CareerSource and has no parent corporation or subsidiaries, nor any publicly held stock.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Defendants respectfully submit that the issues presented by this appeal are straightforward and do not present novel or difficult questions of law. Accordingly, Defendants do not believe that oral argument would assist this Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS PURSUANT TO
FED. R. APP. P. 26.1 ................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF AUTHORITIES................................................................ iii

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...........................2

STATEMENT OF THE CASE....................................................................3

   A.  Statement of Facts ......................................................................3

   B.  Procedural History Below ..........................................................5

   C.  Standard of Review ....................................................................9

SUMMARY OF THE ARGUMENT .........................................................9

ARGUMENT .......................................................................................14

   A.  The District Court Properly Held That the Amended Complaint Failed to
       Plausibly Allege Claims of Gender Discrimination ......................................14

     a.  The Amended Complaint's Non-Conclusory Factual Allegations Do Not
        Plausibly Infer That Plaintiff's Sex Was a Motivating Factor in Her
        Separation ...............................................................................15

     b.  The EEOC's Argument Regarding Plausibility is Entirely Misplaced. ........18

     c.  The District Court Properly Held that the Amended Complaint had Failed to
        Plausibly Allege Similarly Situated Male Employees Were Treated
        Differently than Plaintiff..................................................................20

   B.  "As an Additional and Alternative Reason" for Dismissal, the District Court
       Properly Held That Plaintiff's Amended Complaint Failed to Follow the
       Court's Prior Instructions and Continued to be an Impermissible Shotgun
       Pleading ...............................................................................28

   C.  The District Court Properly Dismissed Plaintiff's Amended Complaint with
       Prejudice ...............................................................................33

CONCLUSION.....................................................................................39

CERTIFICATE OF COMPLIANCE ......................................................40

CERTIFICATE OF SERVICE ..............................................................41

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*Abramson v. Gonzalez*,
   949 F.2d 1567 (11th Cir.1992) ...............................................................36

*Access Now, Inc. v. Sw. Airlines Co.*,
   385 F.3d 1324 (11th Cir. 2004) .............................................................19

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010) ........................................................9, 14

*Arafat v. Sch. Bd. of Broward Cty.*,
   549 F. App'x 872 (11th Cir. 2013) .................................................. 22, 23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................... 14, 15, 16, 19

*Barmapov v. Amuial*,
   986 F.3d 1321 (11th Cir. 2021) ................................................ 31, 34, 39

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................... 14, 15, 19, 26

*Bennett v. S. Marine Mgmt. Co.*,
   531 F.Supp. 115 (M.D. Fla. 1982) ...................................................... 30, 31

*Bialek v. Delvista Towers Condo. Ass'n*, Inc.,
   994 F. Supp. 2d 1277 (S.D. Fla 2014) ........................................... 35, 36

*Brewer–Giorgio v. Producers Video, Inc.*,
   216 F.3d 1281 (11th Cir.2000) .............................................................36

*Caraway v. Sec'y, U.S. Dep't of Transp.*,
   550 F. App'x 704 (11th Cir. 2013) ........................................... 12, 22, 23

*Carter v. McKeever*,
   No. 9:16-CV-81623, 2017 WL 4119652 (S.D. Fla. Sept. 15, 2017) ...................23

*Castillo v. Allegro Resort Mktg.*,
   603 F. App'x 913 (11th Cir. 2015) .......................................................21

*Corsello v. Lincare, Inc.*,
   428 F.3d 1008 (11th Cir. 2005) ........................................................9, 36

*Crosswright v. Escambia Cmty. Clinics, Inc.*,
  No. 3:20-CV-5963-MCR-HTC, 2021 WL 3163304
  (N.D. Fla. July 26, 2021), *reconsideration denied*,
  No. 3:20-CV-5963-MCR-HTC, 2021 WL 3719246
  (N.D. Fla. Aug. 18, 2021) .................................................................................29

*EEOC v. STME, LLC*,
  938 F.3d 1305 (11th Cir. 2019)..........................................................................34

*Estate of Bass v. Regions Bank, Inc.*,
  947 F.3d 1352 (11th Cir. 2020)...................................................................11, 32

*Freytas-Torres v. City of Sanford*,
  Case No. 6:03cv1732, 2004 WL 7339794 (M.D. Fla. Jun. 1, 2004)...................30

*Gilliam v. U.S. Dep't of Veterans Affs.*,
  Civ. Act. No. 2:16-cv-255-FTM-29UAM,
  2019 WL 1383156, 2019 U.S. Dist. LEXIS 51569,
  *aff'd*, 822 F. App'x 985 (11th Cir. 2020).......................................................12, 23

*Gomez v. City of Doral*,
  No. 1:20-CV-20389-JLK, 2021 WL 848867
  (S.D. Fla. Mar. 5, 2021), *aff'd in part, vacated in part, remanded*,
  2022 WL 19201 ........................................................................................27, 28

*Gomez v. City of Doral*,
  No. 21-11093, 2022 WL 19201 (11th Cir Jan. 3, 2022)................................27, 28

*Harper v. Blockbuster Entm't Corp.*,
  139 F.3d 1385 (11th Cir. 1998)..........................................................................30

*Harris v. Acosta*,
  No. 1:16-CV-36, 2017 WL 10754456 (N.D. Ga. June 8, 2017).........................29

*Henderson v. JP Morgan Chase Bank, N.A.*,
  436 F. App'x 935 (11th Cir. 2011) ...............................................................21, 36

*Henriquez v. Georgia Dep't of Revenue*,
  No. 21-12567, 2023 WL 4624473 (11th Cir. July 19, 2023)..............................36

*Hopkins v. Saint Lucie Cnty. Sch. Bd.*,
  399 F. App'x 563 (11th Cir. 2010).....................................................................17

*Jackson v. Bank of Am., N.A.*,
  898 F.3d 1348 (11th Cir. 2018)..........................................................................32

*Lacy v. City of Huntsville Alabama*,
  No. 21-11410, 2022 WL 303385 (11th Cir. Feb. 2, 2022).....................................23

*Lewis v. City of Union City, Ga.*,
  918 F.3d 1213 (11th Cir. 2019) ......................................................................22

*Lowe v. Delta Air Lines Inc.*,
  730 F. App'x 724 (11th Cir. 2018) .................................................................19

*McCollum v. Bolger*,
  794 F.2d 602 (11th Cir.1986) ........................................................................18

*McCoy v. Cont'l Motors, Inc.*,
  Civ. Act. No. 1:20-CV-00035-JB-M, 2020 WL 5949972
  (S.D. Ala. Oct. 7, 2020) ...............................................................................12

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973)............................................................................... 21, 22

*McManus v. Amerijet Int'l, Inc.*,
  No. 0:21-CV-61617, 2023 WL 7277252 (S.D. Fla. Sept. 25, 2023) ...................16

*Moore v. City of Homewood*,
  No. 21-11378, 2023 WL 129423 (11th Cir. Jan. 9, 2023) .................................14

*Oncale v. Sundowner Offshore Servs., Inc.*,
  523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)........................................18

*Par.-Carter v. McKeever*,
  No. 9:16-CV-81623, 2017 WL 4119652 (S.D. Fla. Sept. 15, 2017),
  *aff'd sub nom. Par.-Carter v. Avossa*,
  760 F. App'x 865 (11th Cir. 2019).................................................................23

*Patsalides v. City of Fort Pierce*,
  No. 15-14431-CIV, 2016 WL 11503007 (S.D. Fla. Aug. 12, 2016)....................29

*Pouyeh v. Bascom Palmer Eye Inst.*,
  613 F. App'x 802 (11th Cir. 2015)..................................................................34

*Quigg v. Thomas Sch. Dist.*,
  814 F.3d 1227 (11th Cir. 2016) ......................................................................16

*Rance v. Rocksolid Granit USA, Inc.*,
  No. 08-21369-CIV, 2010 WL 11601453 (S.D. Fla. Sept. 2, 2010) .....................39

*Richardson v. Ala. State Bd. of Educ.*,
  935 F.2d 1240 (11th Cir. 1991) ................................................................11, 19

*Saint-Cyr v. Walgreen Co.*,
No. 22-11892, 2023 WL 6785074 (11th Cir. Oct. 13, 2023)................................21

*Sapuppo v. Allstate Floridian Ins. Co.*,
739 F.3d 678 (11th Cir. 2014)....................................................... *passim*

*Speaker v. United States HHS CDC & Prevention*,
623 F.3d 1371 (11th Cir. 2010)................................................................28

*Succar v. Dade Cnty. Sch. Bd.*,
229 F.3d 1343 (11th Cir. 2000)....................................................... 17, 18

*Thomas v. Clayton Cnty. Bd. of Comm'rs*,
No. 22-10762, 2023 WL 1487766 (11th Cir. Feb. 3, 2023) .................................37

*Timson v. Sampson*,
518 F.3d 870 (11th Cir. 2008)....................................................... 19, 33

*Trask v. Sec'y, Dep't of Veterans Affairs*,
822 F.3d 1179 (11th Cir. 2016)................................................................23

*United States v. Advoc. L. Groups of Fla., P.A.*,
413 F. Supp. 3d 1225 (M.D. Fla. 2019)..................................................34

*Uppal v. Hosp. Corp. of Am.*,
482 F. App'x 394 (11th Cir. 2012)..........................................................17

*Vibe Micro, Inc., v. Shabanets*,
878 F.3d 1291 (11th Cir. 2018)....................................................... 31, 33, 34, 36

*Wagner v. Daewoo Heavy Indus. Am. Corp.*,
314 F.3d 541 (11th Cir. 2002)................................................................36

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015)................................................................31

*Whitaker v. Bd. of Regents of Univ. Sys. of Georgia*,
2021 WL 4168151 (11th Cir. Sept. 14, 2021)............................................. *passim*

*Williams v. Bennett*,
689 F.2d 1370, 1380 (11thCir. 1982), *cert. denied*,
464 U.S. 932 (1983).............................................................................30

*Wilson v. Hilton Hotels Corp.*,
No. 6:05CV47ORL-22DAB, 2005 WL 1051144
(M.D. Fla. Apr. 4, 2005) .....................................................................30

**Statutes & Other Authorities:**

28 U.S.C. § 1291 ................................................................................1, 33

28 U.S.C. § 1331 ........................................................................................1

28 U.S.C. § 1367 ........................................................................................1

42 U.S.C. § 2000e ......................................................................................1

42 U.S.C. §§ 2000e–2(m) ........................................................................16

Fed. R. Civ P. 8 ........................................................................................14

Fed. R. Civ. P 12(b)(6) ............................................................................32

Fla. Stat. § 760.10(1)(a) ............................................................................1

## JURISDICTIONAL STATEMENT

The District Court has original jurisdiction over Plaintiff's gender discrimination claims under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, pursuant to 28 U.S.C. § 1331 because Plaintiff's asserted claim alleged a violation of the laws of the United States. The District Court had supplemental jurisdiction over Plaintiff's gender discrimination claims under The Florida Civil Rights Act of 1992, Fla. Stat. § 760.10(1)(a) ("FCRA"), pursuant to 28 U.S.C. § 1367, because, as alleged, Plaintiff's state law claims were so related to Plaintiff's federal statutory claims that they formed part of the same case or controversy under Article III.

This Circuit has jurisdiction to review the District Court's Order accepting the Magistrate Judge's Report and Recommendation dismissing Plaintiff's Amended Complaint with prejudice (the "Dismissal Order") pursuant 28 U.S.C. § 1291 because that Dismissal Order was a final decisions of the district courts of the United States.

Plaintiff's Notice of Appeal was timely filed within thirty days of the Court's June 16, 2023, Dismissal Order.

### STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

(1)    Whether Plaintiff's allegation of termination of her employment because of alleged beliefs of an individual unrelated to Defendants plausibly alleges claims for gender discrimination under either Title VII or the Florida Civil Rights Act.

(2)    Whether Plaintiff's allegations of unspecified similarly situated male comparators that admittedly were not treated differently, but had different supervisors, were subject to different policies and had decidedly different work histories were sufficient to raise a reasonable inference, and thus a plausible claim that Defendants engaged in intentional gender discrimination.

(3)    Whether the Court properly dismissed Plaintiff's Amended Complaint that combined multiple claims for relief as single causes of action, despite the clear prior direction of the District Court to allege separate causes of action as separate counts.

(4)    Whether the District Court abused its discretion by dismissing Plaintiff's Amended Complaint with Prejudice after finding that Plaintiff had failed to address deficiencies previously identified by the Court which Plaintiff had ignored.

## STATEMENT OF THE CASE

### A. Statement of Facts

The Amended Complaint alleges that CareerSource of Palm beach County, Inc. ("CareerSource") and Palm Beach Workforce Development Consortium (the "Consortium," and collectively, "Defendants"), as joint employers, employed Plaintiff from July 2016, until her position was eliminated as part of a department restructuring on July 13, 2021. R-14, at 3-4. Her last position was Program Manager. R-14, at 4.

Plaintiff alleges that she "was terminated because the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former husband." R-14, at 3. Without any further facts as to who, where or how such rumors occurred, or how those "rumors" reached Defendants, Plaintiff alleges that she was "singled out for termination" because of these rumors (R-14, at 3) and that "she was terminated as a result of a campaign against her on account of her gender." R-14, at 4. Plaintiff herself concedes that her termination was the result of Defendants' reorganization and the elimination of Plaintiff's position, which resulted in Plaintiff's job responsibilities being consolidated with an existing employee, Lisa Verela. R-14, at 4. Plaintiff provides no allegation at all as to anyone affiliated with Defendants shared, believed, or otherwise relied on the alleged rumors, or how the alleged convictions of "the former wife of the organization's

former 'leader'" – whom Plaintiff makes not attempt to allege was actually affiliated with or in communication with Defendants - impacted Defendants' employment decisions.  The Amended Complaint provides no factual allegation to support the conclusion that Plaintiff was "singled out" for termination as the result of her gender.

Plaintiff alleges that two male executives suspected of having relationships with subordinates were not fired, and thus treated more favorable. R-14, at 3. First, an unnamed male Vice President was allegedly found having sex with a subordinate female employee in a conference room. *Id.*  Plaintiff summarily alleges that no action was taken against the Vice President or the subordinate (*id*.) but concedes in her opposition to Defendants' Motion to Dismiss the Amended Complaint that this Vice President was in fact terminated.  R-21, at 3.  Plaintiff also alleges that an unnamed Chief Operating Officer was rumored to be in a relationship with a subordinate after the death of his wife. R-14, at 3. Plaintiff alleges that "no disciplinary action was ever taken." *Id*. Nothing more is alleged with respect to either alleged comparator.

Finally, in support of her single count of Title VII gender discrimination and Florida Civil Rights Act ("FCRA") gender discrimination, the Amended Complaint alleges that "HERNANDEZ [sic] was subjected to discrimination because of her gender in that she was treated differently than male executives thought to be having affairs." R-14, at 4.  Plaintiff claims that this conduct "created a workplace which was objectively and subjectively discriminatory to her because of her gender. *Id*. She

alleges that the termination was "wholly on pretextual grounds" because "Defendants did not complete [sic] with the provisions of the Older Workers Benefits Protection Act which was required to be given Plaintiff who was over forty" and that "Defendant did not comply with the rules regarding reductions in force by selecting employees using neutral criterion." *Id*.

## B. Procedural History Below

Plaintiff filed her Initial Complaint in the United States District Court for the Southern District of Florida against Defendant CareerSource alone on July 29, 2022, purporting to assert a single claim of gender discrimination under Title VII. R-1, at 3. Although seemingly aimed at Plaintiff's allegedly wrongful termination, the Initial Complaint also included allegations of hostile work environment, violations of the Older Workers Benefits Protection Act and a prayer for relief including damages under the Americans with Disabilities Act. R-1, at 3-4. The Initial Complaint made no attempt to allege that any other employee, similarly situated or otherwise, was treated differently than Plaintiff.

On August 23, 2022, Defendant CareerSource moved to dismiss on several grounds, including that the Initial Complaint's hostile work environment claims were barred by Plaintiff's failure to raise such claims in her EEOC charge, that Plaintiff's allegations failed to plausibly allege that gender was a motivating factor in Plaintiff's termination, and that Plaintiff had failed to allege the existence of any

similarly situated employees outside of Plaintiff's protected class that were treated more favorably.  R-4, at 2-3.

On October 28, 2023, after full briefing, Magistrate Ryon McCabe entered his Report and Recommendation dismissing Plaintiff's Initial Complaint (the "First Report").  In recommending dismissal of Plaintiff's initial complaint, the First Report clearly identified for Plaintiff the deficiencies that required dismissal, but that if addressed in her amendment, would sufficiently allege a claim of gender discrimination. The First Report stated, in part, that,

- "the Complaint fails to make specific, plausible allegations that gender discrimination played a "motivating factor" in the decision to terminate her;"
- "the Complaint is unclear as to who made the decision to terminate Plaintiff, the exact relationship between that person and the former CEO's ex-wife, and how the rumors of the extramarital affair caused the adverse employment action;"
- "Plaintiff has not alleged that similarly situated male employees have been subject to similar rumors of extramarital affairs within the company and have been treated more favorably than Plaintiff was treated;"
- "to the extent Plaintiff wishes to allege claims based on distinct legal theories, she must allege separate and distinct counts."

*R-10, at 2-6.*

On January 30, 2023, after Plaintiff lodged objections to the First Report and after full briefing of those objections by the Parties, the District Court overruled Plaintiff's objections and accepted the First Report in full, adopting all the reasons for dismissal.  R-13.  In doing so, the District Court warned Plaintiff that "*Plaintiff*

*will have one final opportunity to cure the pleading deficiencies set forth in the Report.*"  R-13, at 2.

On February 6, 2023, Plaintiff filed her Amended Complaint against Defendants CareerSource and Consortium as joint employers.  Disregarding the District Court's clear directions in the First Report that if Plaintiff wants to assert "claims based on distinct legal theories, she must allege separate and distinct counts," Plaintiff chose instead to allege claims for Title VII gender discrimination and FCRA gender discrimination in a single count. R-14, at 3-4. In support of Plaintiff's collective Count I, the Amended Complaint again asserted allegations that Defendants created a workplace that was "objectively and subjectively discriminatory," that Defendants violated the Older Workers Benefits Protection Act and that Defendants failed to comply with rules regarding reductions in force.  R-14, at 4.

On March 17, 2023, Defendants moved to dismiss Plaintiff's Amended Complaint with prejudice, arguing that the Amended Complaint failed to address many of the clear pleading deficiencies identified by the District Court in the first dismissal order. R-17.  After full briefing, on May 4, 2023, Magistrate McCabe issued a Report recommending the dismissal with prejudice of Plaintiff's Amended Complaint.  R-24, at 6 (the "Second Report").  In doing so, the Second Report made clear that the Amended Complaint "fail[ed] to make specific, plausible allegations

that sex discrimination played a "motivating factor" in the decision to terminate her." (R-24, at 5); that, the Amended Complaint "fails to identify similarly situated comparators" (Id., at 6); and that the Amended Complaint impermissibly combines distinct claims asserted under distinct statutory authority, and "simultaneously refers to multiple theories of discrimination combined in a single count." *Id*., at 4.

On May 18, 2023, Plaintiff submitted her objections to the Second Report, taking issue solely with the Second Report's findings that Plaintiff's comparator allegations were insufficient and that the Amended Complaint was an impermissible shotgun pleading. R-25.  Again, after full briefing, on June 16, 2023, Judge Cannon of the District Court entered an order accepting the Second Report and dismissed Plaintiff's Amended Complaint with prejudice.

In doing so, Judge Cannon found that "Judge McCabe's Report to be well-reasoned and correct" and specifically reinforced that the Amended Complaint was in fact an impermissible shotgun pleading because, despite similarities between Title VII and the FCRA, "the statutes are not identical." Judge Cannon further explained that the Second Report correctly held that the Amended Complaint included "multiple theories of discrimination combined in a single count, including disparate treatment, hostile work environment, and age discrimination - a determination as to which Plaintiff did not specifically object." R-25, at 4-5.

8

In agreeing with the Second Report's conclusion, Judge Cannon also reasoned that, because the Court already gave Plaintiff a final opportunity to submit a compliant pleading in accordance with the shotgun pleading requirements, the Court sees no basis to grant Plaintiff a further opportunity to replead. *Id.* Judge Cannon also found, as an as an alternative and additional reason for dismissal that the Amended Complaint failed to properly set forth (not prove) the existence of valid comparators, and thereby does "not set forth a prima facie case for sex discrimination." *Id.*, at 5.

As stated above, on July 13, 2023, Plaintiff timely filed her Notice of Appeal.

C. <u>Standard of Review</u>

A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). The District Court's denial of an opportunity to amend is reviewed for abuse of discretion. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## **SUMMARY OF THE ARGUMENT**

Despite the numerous grounds which the Magistrate Judge and the District Court held supported dismissal of the Amended Complaint, Plaintiff's Initial Brief (ECF No. 16, "Plaintiff's Brief") takes issue with just three of those rulings. Namely, 1) that the District Court erred by purportedly adopting a lower standard of behavior for executives than for Plaintiff (Plaintiff's Brief, at 11-12; 2) that the

complaint which Plaintiff concedes combined her Title VII and FCRA claims into a single count was not a shotgun pleading (Plaintiff's Brief, at 8-10); and 3) despite already being given a chance to amend once to fix this very issue, that the District Court erred in not allowing her to replead her FCRA claims in state court (Plaintiff's Brief, at 10-11). All of these arguments, which Plaintiff supports with citations to a total of three cases, are without merit.

Although the EEOC attempts to remedy deficiencies created by the absence of an argument by Plaintiff, because Plaintiff does not at all address, or only perfunctorily without authority, addresses the District Court's holdings that Plaintiff failed to make plausible allegations that Plaintiff's sex was a motivating factor in her termination (R-24, at 5); that Plaintiff failed to properly and plausibly allege similarly situated males who were treated differently than Plaintiff (R-27, at 5-6); and finally, that Plaintiff's Title VII claim must be dismissed with prejudice (R-27, at 6), those issues have been summarily waived, and the District Court's judgment should be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it

follows that the judgment is due to be affirmed."). The EEOC's amicus brief can do nothing to cure this issue for Plaintiff. *Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1247 (11th Cir. 1991). (Circuit Court will not consider arguments raised only by amici).

Even if Plaintiff's Brief was not deficient in this regard, the arguments actually made by Plaintiff are still unconvincing. First, Plaintiff argues that the Amended Complaint was not a shotgun pleading. Courts in this Circuit have repeatedly acknowledged the statutory distinctions of Title VII and FCRA discrimination claims that can cause jury confusion and delay and otherwise waste judicial resources when they are improperly combined. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352 (11th Cir. 2020). As simple as it would have been for Plaintiff to assert them in two separate counts as the District Court had previously instructed Plaintiff to do, Plaintiff instead chose to double down on the deficiencies in her Initial Complaint. Moreover, Plaintiff continues to assert allegations of hostile work environment, violations of reductions in force rules and age discrimination. It is simply not Defendants' responsibility to decipher what allegations Plaintiff truly intended to assert and what is just superfluous. *Id., at* 1358 2020) ("[i]t is not the [Court's] proper function ... to parse out [a complaint's] allegations").

Next, Plaintiff argues that the Court erred by "sanctioning a lower standard of behavior for executives than for other managers." Plaintiff's Brief, at 8. The District

Court did no such thing. Instead, the District Court held Plaintiff accountable for including nothing more than a handful of conclusory allegations concerning two alleged comparators that prohibited the District Court from drawing the plausible inference that Plaintiff was treated differently than similarly situated males who committed the same conduct or misconduct. The Court is "not precluded at this stage from determining whether Plaintiff plausibly alleged proper comparator(s)." *McCoy v. Cont'l Motors, Inc.*, Civ. Act. No. 1:20-CV-00035-JB-M, 2020 WL 5949972, at *3 (S.D. Ala. Oct. 7, 2020). First, while Plaintiff claims she was terminated because of beliefs held by the former CEO's former spouse, she does not allege that the alleged comparators engaged in similar conduct, *i.e.*, beliefs by third parties as to the comparator's love life. Moreover, the Amended Complaint's allegations fail to allege (not prove because that is not necessary at this stage) how a Vice President and Chief Operating Officer are similarly situated to Plaintiff - a program manager, as the alleged comparators had obviously different work responsibilities, managers, and histories. This Circuit has affirmed dismissal where plaintiff has failed to plead a facially plausible claim as to proper comparators. *See Caraway v. Sec'y, U.S. Dep't of Transp.,* 550 F. App'x 704, 705 (11th Cir. 2013); *Gilliam v. U.S. Dep't of Veterans Affs.*, Civ. Act. No. 2:16-cv-255-FTM-29UAM, 2019 WL 1383156, at *4, 2019 U.S. Dist. LEXIS 51569, *aff'd*, 822 F. App'x 985 (11th Cir. 2020) (finding improper comparator where the plaintiff, a white male, was terminated from his position as a

police officer in part due to having an affair with a Hispanic staff member and he named her as a comparator because she only received a suspension).  Even if the Amended Complaint properly alleged these types of basic facts, Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint (R-21) has already conceded that Defendants' Vice President is not a plausible comparator because, like Plaintiff alleges happened to her, the Vice President was also terminated. R-21, at 3.

Finally, Plaintiff argues that the Court abused its discretion in dismissing her FCRA claim with prejudice where such claim is dismissed on shotgun pleading grounds.  Plaintiff's argument is entirely misplaced because Plaintiff's FCRA and Title VII claims were both dismissed for the dual and mutually exclusive reasons of shotgun pleading and failure to state a claim.  As a result, it was entirely without the Court's discretion to dismiss the entirety of Plaintiff's Amended Complaint with prejudice, particularly where the Court already granted Plaintiff and her counsel "one final opportunity" to cure the deficiencies previously noted by the Court.

As a result, Defendants respectfully request that the District Court's Dismissal Order be Affirmed in its entirety.

13

**ARGUMENT**

A. The District Court Properly Held That the Amended Complaint Failed to Plausibly Allege Claims of Gender Discrimination

A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*. *Am. Dental Ass'n*, 605 F.3d at 1288. A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court's review has two steps: (1) "eliminate any allegations in the complaint that are merely legal conclusions"; and (2) for any "well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n*, 605 F.3d at 1290 (cleaned up); *see also*, *Moore v. City of Homewood*, No. 21-11378, 2023 WL 129423, at *3 (11th Cir. Jan. 9, 2023).

It is a bedrock principle of the Fed. R. Civ P. 8 pleading standard that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, — in a Title VII case the mere possibility of unlawful discrimination—the complaint has failed to allege enough factual content to show the plaintiff is entitled to relief." *Iqbal*, 556 U.S. at 679. Thus, "a complaint [does

not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

Although Plaintiff's Brief, and more so the EEOC's amicus brief, asks this Court to make the incredible leap from Plaintiff's baren allegations that she was terminated because the ex-wife of Defendant's former CEO "became convinced" Plaintiff was in a relationship with her ex-husband, to the inference that Plaintiff was terminated for having an in-office affair when other male employees were not, the truth of the matter is that this is not at all what Plaintiff's Amended Complaint actually or plausibly alleges. In reality, the Amended Complaint alleges only that she was terminated "because the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former husband." R-53 There is simply nothing within this allegation – the only "factual" allegation in the Amended Complaint regarding Plaintiff's purported conduct and termination – that would have permitted the District Court to infer more than the mere possibility of Defendant's misconduct. Thus, for the reasons set forth below, Plaintiff's Amended Complaint was properly dismissed.

### a. The Amended Complaint's Non-Conclusory Factual Allegations Do Not Plausibly Infer That Plaintiff's Sex Was a Motivating Factor in Her Separation

Not addressed at all by Plaintiff's Initial Brief is the simple fact that, as the Magistrate Judge found in recommending dismissal, the Amended Complaint failed

to plausibly allege that Plaintiff's gender was a "motivating factor" in Plaintiff's alleged termination. R-90.[1] *Id.*

To establish an unlawful employment practice under Title VII, Plaintiff must demonstrate that Plaintiff's sex "was a motivating factor." 42 U.S.C. § 2000e–2(m). *See also Quigg v. Thomas Sch. Dist.*, 814 F.3d 1227, 1232 (11th Cir. 2016). Under the "motivating factor" standard, a plaintiff must allege a fact from which the court, using common sense and judicial experience, can reasonably infer that a plaintiff's race or gender was a motivating factor in the defendant's challenged action. *McManus v. Amerijet Int'l, Inc.*, No. 0:21-CV-61617, 2023 WL 7277252, at *3 (S.D. Fla. Sept. 25, 2023) (citing *Iqbal*, 556 U.S. at 679).

Again, the Amended Complaint's gender discrimination claims are based entirely on a single conclusory allegation that Plaintiff "was terminated because the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former husband." R-14, at 3. Like Plaintiff's initial complaint, the Amended Complaint made no effort to allege how the beliefs of Plaintiff's boyfriend's ex-wife in any way translated to who made the decision to terminate Plaintiff, the exact relationship between that person and the former CEO's ex-wife, and how rumors of the extramarital affair held *outside of the workplace*

---

[1] Nonetheless, because Plaintiff made no objection to this finding of the Second Report, and because Plaintiff does not take issue with this finding in this appeal, this issue must be considered abandoned, and the judgment below should be affirmed.

caused the adverse employment action. R-10, at 5. *See also*, *Succar v. Dade Cnty. Sch. Bd.*, 229 F.3d 1343, 1345 (11th Cir. 2000).   The Amended Complaint made no attempt to allege – plausibly or otherwise – that the former CEO's ex-wife had any connection to Defendants, or that she had any role in the elimination of Plaintiff's position.   Even if she did, based on the assumed veracity of Plaintiff's only "well plead" factual allegation, Plaintiff's termination was nothing more than a personal feud and certainly not gender discrimination. *Hopkins v. Saint Lucie Cnty. Sch. Bd*., 399 F. App'x 563, 566 (11th Cir. 2010) (affirming dismissal where Plaintiff's race discrimination complaint complained of actions by third parties instead of actions by the employer or supervisors); *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (Affirming dismissal of gender, race and national origin discrimination claims for failure to allege any facts allowing the court to infer how gender, race or national origin was a motivating factor in plaintiff's adverse employment action.)

Here, Plaintiff's Amended Complaint was rife with conclusory and generic statements of discrimination, but lacking even the most basic facts from which the District Court could have inferred that Plaintiff was plausibly the subject of gender discrimination.   *See e.g.*, R-14, at 3 ("male executives were not fired and were thus treated more favorably"); R-14, at 2 (Plaintiff…was singled out for termination because of mere and unfounded rumors"); R-14, at 4 (Plaintiff was terminated as a

result of a campaign against her on account of her gender and she was treated differently than similarly situated males"); *Id*. ("HERNANDEZ [sic] was subjected to discrimination because of her gender in that she was treated differently than male executives."

Ultimately, as the Magistrate's Report held and the District Court accepted, the Amended Complaint's allegations failed to factually or plausibly allege how a belief allegedly held by the ex-wife of Defendants' former CEO constituted" plausible allegations that sex discrimination played a "motivating factor" in the decision to terminate [Plaintiff]." R-24, at 5.[2]

> **b. The EEOC's Argument Regarding Plausibility is Entirely Misplaced.**

Although not raised at all by Plaintiff, the EEOC argues that Plaintiff's Amended Complaint included allegations sufficient to state a plausible claim for Title VII sex discrimination.  EEOC Amicus, at 9-20.

---

[2] At best, the only available plausible inference that the Amended Complaint's factual allegations allow is that any such actions were personal in nature and were not the result of Plaintiff's gender. *Succar*, 229 F.3d at 1345 ("Personal animosity is not the equivalent of sex discrimination…The plaintiff cannot turn a personal feud into a sex discrimination case....") *Id*. (*quoting McCollum v. Bolger,* 794 F.2d 602, 610 (11th Cir.1986)); *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion] ... because of ... sex.").

An issue not briefed on appeal is deemed abandoned, and its merits will not be addressed. *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008); *Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo*, 739 F.3d at 681; *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 731 (11th Cir. 2018) (as to whether the District Court erred by dismissing her complaint *with prejudice*, Lowe did not raise or discuss the issue in her brief. She has thus waived the issue). Moreover, the EEOC's amicus brief cannot cure this issue for Plaintiff. *Richardson*, 935 F.2d at 1247. (Circuit Court will not consider arguments raised only by amici).

Because Plaintiff has made no attempt to raise this issue either at the lower court or in her initial brief here, this issue must be deemed abandoned by Plaintiff and cannot be addressed here. *Sapuppo*, 739 F.3d at 681.

Even if this issue was not abandoned by Plaintiff, the EEOC's argument is entirely misplaced. First, the District Court properly applied the correct *Iqbal*/*Twombly* plausibility pleading standard. The District Court did not require the Plaintiff to do anything more than *allege* the "essential element of a *prima facie* case of gender discrimination," which Plaintiff simply failed to do. R-27, at 2. Again, although not required to prove or establish the provide enough factual matter (taken as true) to suggest intentional discrimination. *Iqbal*, 556 U.S. at 673.

The EEOC posits that Plaintiff alleged that her firing was "based on office 'rumors that she was having an affair with the former CEO." EEOC Amicus, at 11, citing R-14, at 20.  But this is disingenuous.  Plaintiff's full allegation is that she was terminated because of rumors and beliefs held by an unaffiliated former spouse of a former employee.  R-14, at 3 ("Plaintiff was terminated because the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former.").  The Amended Complaint offers no factual allegation more than the most general and conclusory statements to support the notion that, as the EEOC reimagines, Plaintiff was terminated because of conduct, beliefs, or misconduct within Defendants' organizations about a relationship Plaintiff had with Defendant's former employee and CEO.

   c.  **The District Court Properly Held that the Amended Complaint had Failed to Plausibly Allege Similarly Situated Male Employees Were Treated Differently than Plaintiff.**

Even if Plaintiff's Amended Complaint had properly alleged facts allowing the District Court to make the plausible inference that Plaintiff's gender was a motivating factor for her termination, the Second Report, and the District Court's acceptance thereof, also independently and alternatively based its dismissal of the Amended Complaint on Plaintiff's failure to properly allege facts making it plausible that she was treated differently than male employees who were similarly situated in all relevant respects.  R-27, at 5.

To show discrimination based on circumstantial evidence, the *McDonnell Douglas* burden-shifting framework controls. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). The plaintiff's prima facie case is the first step in the framework. This requires the plaintiff to show she (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) a similarly situated individual outside her protected class was treated more favorably. *See id.* (citation omitted). Defendants readily concede that, to survive a motion to dismiss, a plaintiff need not fully establish a prima facie case under the *McDonnell Douglas* evidentiary framework. *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011). However, the Eleventh Circuit has made clear that, "in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest *intentional* ... discrimination." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015) (internal quotations and citations omitted) (emphasis added). *See also, Saint-Cyr v. Walgreen Co.*, No. 22-11892, 2023 WL 6785074, at *1 (11th Cir. Oct. 13, 2023) ("Even if a plaintiff need not plead a *prima facie* case to survive dismissal, the complaint must satisfy the 'plausible on its face' standard, and the allegations must be sufficient to 'raise a right to relief above the speculative level.'") (internal citations omitted).

Regarding the fourth element, dismissal is appropriate if a plaintiff fails to make a *sufficient comparison* between herself and the proffered comparators. *See*

21

*e.g.*, *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming dismissal of action because the plaintiff's proffered comparators described them only younger males but did not identify valid comparators that were subject to the same treatment to undergird her disparate treatment claims). *See also, Whitaker v. Bd. of Regents of Univ. Sys. of Georgia*, 2021 WL 4168151 (11th Cir. Sept. 14, 2021) (affirming dismissal of Title IX gender discrimination claims where Plaintiff's allegations of similarly situated comparators, even though identifying specific individuals, still failed to plausibly allege facts suggesting that he was treated differently than another person who complained).

Although determining whether comparators meet the *McDonnell Douglas* standard is inherently context-specific to each case, an "employer is well within its rights to accord different treatment to employees who are differently situated in 'material respects'— e.g., who engaged in different conduct, who were subject to different policies, or who have different work histories." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1228 (11th Cir. 2019) (*en banc*). Where the only allegations of a complaint are that the plaintiff was subjected to different treatment than others outside their protected class, a complaint does not plausibly allege that any similarly situated employees were treated differently. *Arafat*, 549 F. App'x at 874. This Circuit has repeatedly affirmed dismissals of Title VII claims as implausible where a complaint fails to identify adequate comparators. *Caraway*, 550 F. App'x at 705;

*Gilliam*, 822 F. App'x 985 (finding improper comparator where the plaintiff, a white male, was terminated from his position as a police officer in part due to having an affair with a Hispanic staff member and he named her as a comparator because she only received a suspension); *see also, Lacy v. City of Huntsville Alabama*, No. 21-11410, 2022 WL 303385, at *4 (11th Cir. Feb. 2, 2022) (affirming dismissal where complaint fails to demonstrate that plaintiff and comparator were subject to the same or similar conduct, shared a disciplinary history, had the same supervisor, or worked in the same department); *see also, Caraway*, 550 F. App'x at 710; *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1192 (11th Cir. 2016); *Par.-Carter v. McKeever*, No. 9:16-CV-81623, 2017 WL 4119652, at *3 (S.D. Fla. Sept. 15, 2017), *aff'd sub nom. Par.-Carter v. Avossa*, 760 F. App'x 865 (11th Cir. 2019). *Arafat*, 549 F. App'x at 875 (affirming dismissal of action because the plaintiff's proffered comparators described them only younger males but did not identify valid comparators that were subject to the same treatment to undergird her disparate treatment claims); *Whitaker*, 2021 WL 4168151, *3.

The Eleventh Circuit's analysis in *Whitaker* is instructive here. There, plaintiff asserted a claim of gender discrimination under Title IX claiming that he was treated differently than similarly situated female employees that he complained about when his complaints concerning the purported comparator were not investigated while the

comparator's complaints about him were. *Whitaker*, 2021 WL 4168151, *2. In affirming dismissal, the Eleventh Circuit explained:

> the conduct underlying Roe's complaint against Plaintiff [] was clearly of greater severity, degree, and kind than the conduct underlying Plaintiff's complaint against. Given the substantial differences between the two kinds of complaints, we cannot draw the reasonable inference (that is, move beyond speculation) that defendants' decision to investigate Roe's complaint, but not Plaintiff's complaint was a decision likely motivated by Plaintiff's sex.

*Id.*, at *3.

Similarly here, the Amended Complaint's proposed comparator allegations made no attempt to compare Plaintiff and her conduct with that of the alleged comparators. Instead, Plaintiff recast her own conduct as "having an affair" with the former CEO, despite her repeated allegations in the Amended Complaint that such rumors were "unfounded." R-14, at 4. *See Whitaker*, 2021 WL 4168151, at *5 (affirming dismissal where allegations made clear that the plaintiff and her purported comparators did not engage in the same conduct or misconduct).

Again, to be clear, Plaintiff alleges that she was terminated not because she had the claimed affair, but "because the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former husband." R-14, at 3. Moreover, the Amended Complaints allegations do nothing to allege how Plaintiffs conduct, status, work history, role or responsibility as a program manager is similarly situated to that of a vice president or COO.

Ultimately, the Amended Complaint's baren allegations fail to allege that Plaintiff's alleged comparators engaged in conduct of the same severity, degree and kind as Plaintiff or were otherwise plausibly similarly situated. *Id*. Nor do they provide enough to allow the District Court to draw the reasonable inference that "defendants' decision [to terminate plaintiff, but not the comparators] was a decision likely motivated by Plaintiff's sex." *Id*.  Although arguably outside the four corners of the Amended Complaint, Plaintiff has already conceded that which her Amended Complaint conveniently ignores, that to the extent Plaintiff's and Defendant's Vice President's conduct was the same, both Plaintiff and the Vice President were in fact terminated, thereby nullifying Plaintiff's disparate treatment allegations.  R-21 ("Executive Committee members and the board attorney are aware of [the Vice President's conduct] and other incidents which came to light after the termination of the VP.")

Similarly, Plaintiff offers as her second alleged comparator, the barren allegation that a chief operating officer was in a relationship with and ultimately married a co-worker and was not terminated. R-14, at 3.  Again, Plaintiff's complaint, at its most basic level offers no facts to suggest that this conduct was of the same severity, degree, and kind as Plaintiff's, or that Defendant's COO was at all similarly situated to Plaintiff.  *Id*.  As a result, the ultimate holding in *Whitaker* equally applies to Plaintiff's allegations here. "Plaintiff has alleged no facts from

which we can draw a reasonable inference that Plaintiff was treated differently from another similarly situated person or that the complained-of differential treatment was motivated by an intent to discriminate on an unlawful ground. Plaintiff identified no valid comparator and alleged no other specific facts that would raise [her] claim above the speculative level. *Whitaker*, 2021 WL 4168151, at \*5 (citing *Twombly*, 550 U.S. at 555).

Despite the foregoing authority in this Circuit, Plaintiff's Brief argues without citation to any case law or statute, that the District Court's erred by not "hold[ing] its senior management to higher standards than other employees and manager." Plaintiff's Brief, at 11. However, other than reciting the Second Report and the District Court's dismissal order, Plaintiff only states that "it was the District Judge's responsibility to correct the blatant error of the Magistrate Judge." Plaintiff's Brief, at 13. Plaintiff's argument should be rejected, if not considered abandoned all together. *See Sapuppo*, 739 F.3d at 681, cited *supra*. Even if Plaintiff's argument was considered properly addressed, the argument, like all of Plaintiff's arguments on appeal and at the District Court below, seek to have the Court forgive or ignore what Plaintiff and her counsel have refused to do themselves; allege any facts to allow this Court to draw the plausible inference that Plaintiff was treated differently than similarly situated male managers.

Attempting to come to Plaintiff's rescue by making an argument of its own, the EEOC's amicus posits that this case is on all fours with *Gomez v. City of Doral*, No. 21-11093, 2022 WL 19201 (11ᵗʰ Cir Jan 3, 2022). *Gomez*, however, is readily distinguishable from the present case. Although it is true that, in *Gomez*, this Court overturned the district court's dismissal which was purportedly based on the failure of the plaintiff plausibly allege sufficiently similar comparators, much like this Court is faced with here. But the comparator allegations in *Gomez* that were dismissed were already far superior to those of Plaintiff here.  In *Gomez*, the plaintiff alleged that:

> For the years that followed, while under Chief Gomez's management, Ms. Gomez failed to receive promotions and deserved commendations due to unlawful discrimination and was treated disrespectfully and differently than her male coworkers, including similarly situated male officers such as Officer Yojans Martinez, Officer Javier De La Paz, and Officer Gregory Hitchings, as a female in the Department's male-dominated work environment. These male officers and Ms. Gomez were similarly situated in all material respects besides gender, including, inter alia, their rank, duties and responsibilities, and experience level.")

*Gomez v. City of Doral*, No. 1:20-CV-20389-JLK, 2021 WL 848867, at *2 (S.D. Fla. Mar. 5, 2021), *aff'd in part, vacated in part, remanded*, 2022 WL 19201.

What sets the present case apart is that none of the corollary facts to *Gomez* were alleged here by Plaintiff. Taking the allegations in *Gomez* as true, the plaintiff certainly alleged that specifically identified comparators were similarly situated and that they received better treatment in that they received promotions and

commendations while plaintiff did not. *Id.* As this Court held then, requiring the plaintiff there to allege anything more, necessarily required Plaintiff to prove her case at the pleading stage. *Gomez*, 2022 WL 19201, at *2. Yet here, Plaintiff did not include any of the type of facts that were already included in *Gomez,* to allow the District Court to draw "'a reasonable inference, and thus a plausible claim,' that her employer violated Title VII and the FCRA." *Id. (quoting Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010)).

Thus, for the foregoing reasons, the District Court did not err in finding that there were "material differences between Plaintiff and the two identified comparators, thereby warranting dismissal. R-27, at 5-6.

**B. "As an Additional and Alternative Reason" for Dismissal, the District Court Properly Held That Plaintiff's Amended Complaint Failed to Follow the Court's Prior Instructions and Continued to be an Impermissible Shotgun Pleading**

In addition to taking issue with the District Court's holding on Plaintiff's substantive comparator allegations, Plaintiff also takes issue with the Court's holding that Plaintiff's Amended Complaint, like the Initial Complaint, continued to be an impermissible shotgun pleading. Plaintiff's Brief, at 8-10. Despite acknowledging that Title VII and the FCRA are in fact different ("Plaintiff's Brief, at 9), Plaintiff and her counsel premise this argument on the unsupported suggestion that the FCRA and Title VII are only "mechanically" different. *Id.* Plaintiff continues to ignore the clear and unambiguous instruction she received from the District Court

in the First Report which cautioned Plaintiff that "to the extent Plaintiff wishes to allege claims based on distinct legal theories, she must allege separate and distinct counts." R-10, at 6.

Courts in this Circuit have repeatedly dismissed FCRA claims that "lazily" adopt all the allegations of a plaintiffs Title VII claim into its FCRA claim without anything more. *See Patsalides v. City of Fort Pierce*, No. 15-14431-CIV, 2016 WL 11503007, at *3 (S.D. Fla. Aug. 12, 2016). As the court stated in *Patsilades*, "[a]lthough the FCRA is substantially like the relevant parts of Title VII, they are not identical. Therefore, it would be possible for a jury to find the Defendant liable under one statute but not under the other. Hence, *allegations arising from separate statutory authority should be contained in separate counts.*" *Id. (emphasis added). See also, Crosswright v. Escambia Cmty. Clinics, Inc.*, No. 3:20-CV-5963-MCR-HTC, 2021 WL 3163304, at *1 (N.D. Fla. July 26, 2021), *reconsideration denied*, No. 3:20-CV-5963-MCR-HTC, 2021 WL 3719246 (N.D. Fla. Aug. 18, 2021); *Harris v. Acosta*, No. 1:16-CV-36, 2017 WL 10754456, at *3 (N.D. Ga. June 8, 2017) (requiring the plaintiff to file an amended complaint "in which she sets out in separate counts each claim she is asserting").

Plaintiff's Brief does absolutely nothing to refute the case law cited above that was adopted by the District Court in its Dismissal Order. Although Plaintiff is correct that courts look to federal law when analyzing claims under the FCRA,

*Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir.1998), courts have also explained the clear and distinguishable differences between the FCRA and Title VII that not only require these claims to be pled separately, but often require District Courts to decline to entertain pendent or supplemental jurisdiction of such FCRA claims in federal employment discrimination suits where such claims would only serve to introduce jury confusion and delay. *See Wilson v. Hilton Hotels Corp.*, No. 6:05CV47ORL-22DAB, 2005 WL 1051144, at *1–2 (M.D. Fla. Apr. 4, 2005) (detailing the difference between Title VII and the FCRA and dismissing plaintiff's FCRA claims), *Freytas-Torres v. City of Sanford*, Case No. 6:03cv1732, 2004 WL 7339794, at *1 (M.D. Fla. Jun. 1, 2004) (declining to exercise supplemental jurisdiction over the plaintiff's FRCA claims brought in addition to Title VII sexual harassment/retaliation, and cataloguing cases from other district courts that had done the same). *See Bennett v. S. Marine Mgmt. Co.,* 531 F.Supp. 115, 117-18 (M.D. Fla. 1982) (combining Title VII and state claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert jurisdiction and deference to state court's resolution of the state law claim of assault and battery), *cert. denied,* 464 U.S. 932 (1983); *Bennett*, 531 F.Supp. at 117 ("[T]hese state claims also support theories of recovery unavailable under

Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

There is no question that Plaintiff's Amended Complaint is a shotgun pleading. The Amended Complaint consolidates Plaintiff's FCRA and Title VII claims into a single count and, for good measure, includes confusing allegations mimicking hostile work environment claims, i.e., that "Defendants conduct was objectively and subjectively discriminatory" (R-14, at 4), and that Defendants have violated the Older Workers Benefit Protection Act. *Id*.; *see Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) ("a complaint that does not separate "each cause of action or claim for relief" into a different count" is an impermissible shotgun pleading); *see also*, *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (discussing and collecting cases of the various types of shotgun pleadings, including failing to separate different counts, causes of action, or claims for relief).

In *Barmapov*, the Eleventh Circuit explained,

> Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* (alterations adopted) (quoting *T.D.S.*, 760 F.2d at 1544 n.14. Besides violating the rules, shotgun pleadings also "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (alterations adopted) (internal quotation marks omitted). We have "little tolerance" for them.

986 F.3d at 1326. *See also, Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[T]he key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

Here, Plaintiff's "conclusory, vague, and immaterial" rambling allegations that are all combined into a single claim for relief is exactly the type of shotgun pleading that Courts in this Circuit strongly disfavor. The EEOC Amicus argues that Defendants should know that Plaintiff is not really asserting a claim for hostile work environment because it is just one paragraph (out of 28 in the Amended Complaint) or that she isn't really alleging age discrimination because she didn't select the box for age discrimination on her EEOC Charge. EEOC Amicus, at 25-26. As low as the bar may be for plaintiffs at the motion to dismiss stage, it is not the Court's nor Defendant's responsibility to decipher what claims Plaintiff is actually alleging, particularly where Plaintiff is represented by counsel. *Bass*, 947 F.3d at 1358 ("[i]t is not the [Court's] proper function ... to parse out [a complaint's] allegations").

As a result, the District Court properly dismissed Plaintiff's Amended Complaint on shotgun pleading grounds in addition to Fed. R. Civ. P 12(b)(6) grounds.

**C. <u>The District Court Properly Dismissed Plaintiff's Amended Complaint with Prejudice</u>**

In addition to properly dismissing Plaintiff's gender discrimination claims, both for failure to state a claim and on shotgun pleading grounds, the District Court properly dismissed those claims with prejudice. Plaintiff's Initial Brief fails to raise any issue with the District Court's with prejudice dismissal of Plaintiff's federal employment discrimination claims. *See* Plaintiff's Brief, at 10 ("The District Court Abused Its Discretion in Dismissing the State Discrimination Claim with Prejudice"). As such, that issue too should be deemed abandoned by Plaintiff. *Timson*, 518 F.3d at 874 (issue not briefed on appeal is deemed abandoned, and its merits will not be addressed); *Sapuppo*, 739 F.3d at 681.

Instead, Plaintiff's Initial Brief only asserts that the District Court erred in dismissing Plaintiff's state employment discrimination claims with prejudice. Plaintiff's Brief, at 10.  In doing so, Plaintiff relies solely on a single case, *Vibe Micro, Inc., v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018), in which the Eleventh Circuit suggested that where a court dismisses a complaint solely on shotgun pleading grounds, that the court "usually should do so without prejudice as to refiling in state court." *Id*., at 1297. Plaintiff's perfunctory argument without citation to any further authority or application, has absolutely no application to the present case. Here, the District Court did not dismiss the Amended Complaint solely for shotgun pleading reasons, but also made clear that, after a full pleading-stage appropriate

analysis of the merits of Plaintiff's claims, that Plaintiff's failure to adequately identify alleged comparators, served "as an alternative and additional reason" for dismissal. R-27, at 5. *See e.g., United States v. Advoc. L. Groups of Fla., P.A.*, 413 F. Supp. 3d 1225, 1238 (M.D. Fla. 2019) (limiting *Vibe Micro*'s holding to "non-merits dismissals on shotgun pleading grounds" only and not applicable where claims are also dismissed on their merits for failure to state a claim for relief.) *See, also, EEOC v. STME, LLC*, 938 F.3d 1305, 1320–22 (11th Cir. 2019). *See* also *Pouyeh v. Bascom Palmer Eye Inst.,* 613 F. App'x 802, 809 (11th Cir. 2015) (affirming dismissal of national origin discrimination claim where allegations failed to allege how plaintiff's national origin had anything to do with the purportedly adverse action).

Moreover, that the EEOC's amicus brief seeks to take issue with the District Court's dismissal with prejudice on the grounds that such dismissal was an "extreme sanction" here, is entirely irrelevant and must be disregarded. *See* EEOC Amicus, at 30. As this Court held in *Barmipov*,

> Our precedent is clear: "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds. Here, Barmapov was represented by counsel, the district court dismissed his first amended complaint after explaining why it was a shotgun pleading, and the court gave him a chance to try again. Barmapov squandered that opportunity by filing another shotgun pleading. Under these circumstances, we have no doubt that the district court did not abuse its discretion.

986 F.3d at 1326.

First, although Plaintiff's Brief argues that Plaintiff District Court's holdings as to Plaintiff's substantive claims, Plaintiff's Brief does not at all address the Court's dismissal with prejudice of the federal gender discrimination claims, nor did Plaintiff seek leave to amend in her Opposition to Defendants Motion to Dismiss below. R-80. *See also, Sapuppo*, 739 F.3d at 680–81 ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").  Even if it wasn't abandoned, the EEOC's reliance on *Bialek v. Delvista Towers Condo. Ass'n, Inc.* 994 F. Supp. 2d 1277 (S.D. Fla 2014), arguing that the District Court should have allowed Plaintiff to amend here is inapplicable.  The district court in *Bialek* addressed the dismissal of an initial complaint prior to any amendment by the plaintiff. *Id*., at 1278.  Much like the plaintiff in *Bialek*, Plaintiff has already been given an opportunity to amend her complaint that came with crystal clear instructions from the District Court on how to do so, and still, Plaintiff refused to address the identified deficiencies. R-36-39.

In any event, nothing about *Bialek* or *Vibe Micro* suggests that the District Court abused its discretion in dismissing Plaintiff's amended claims with prejudice. *Corsello*, 428 F.3d at 1012 (a district court's denial of leave to amend is reviewed under the abuse of discretion standard). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Henderson*, 436 F. App'x at 938 (*quoting Corsello*, 428 F.3d at 1014). "Although '[l]eave to amend shall be freely given when justice so requires,' a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Brewer–Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir.2000) (*quoting Abramson v. Gonzalez,* 949 F.2d 1567, 1581 (11th Cir.1992)).

Where a plaintiff has already been given an opportunity to amend her complaint, dismissal with prejudice or denial of additional leave to amend is not an abuse of the lower court's discretion. *Henderson*, 436 F. App'x at 938 (affirming denial of leave to amend after plaintiff was previously given opportunity to amend). *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (holding that dismissal with prejudice is warranted when the plaintiff fails to cure deficiencies after being given the opportunity to amend); *Henriquez v. Georgia Dep't of Revenue*, No. 21-12567, 2023 WL 4624473, at *11 (11th Cir. July 19, 2023) (finding no abuse of discretion in denying additional leave to amend pro se plaintiff's complaint where

36

plaintiff's opposed amendment "includes essentially the same allegations as his second amended complaint and it does not fix the fundamental problem with his claims"); *Thomas v. Clayton Cnty. Bd. of Comm'rs*, No. 22-10762, 2023 WL 1487766, at *5 (11th Cir. Feb. 3, 2023) (no error in denying pro se plaintiff's leave to amend).

Here, it was not an abuse of the District Court's discretion to dismiss Plaintiff's Amended Complaint with prejudice after Plaintiff had already been given an opportunity by the Court to amend and where the District Court had also previously made clear the deficiencies that Plaintiff needed to address in any amended pleading and where the District Court clearly warned Plaintiff that she would have "one final opportunity to cure the pleading deficiencies set forth in the First Report." R-36 -39, 49. Plaintiff's Amended Complaint suffered from the same failings that the trial court previously identified in Plaintiff's Initial Complaint and Plaintiff refused to address, let alone acknowledge most of those deficiencies. *Thomas*, 2023 WL 1487766, at *5 (internal quotations omitted).

For instance, the First Report warned that that Initial Complaint "fail[ed] to make specific, plausible allegations that gender discrimination played a 'motivating factor' in the decision to terminate her." R-34.  However, rather than adding any additional factual allegations, Plaintiff's Amended Complaint actually removed several allegations regarding the alleged termination. *Cf.* R-11 *with* R-53 (removing

rather than supplementing or amended allegations regarding Plaintiff's separation). Next, the First Report explained that the Initial Complaint was "unclear as to who made the decision to terminate Plaintiff, the exact relationship between that person and the former CEO's ex-wife and how the rumors… caused the adverse employment action." R-38.  The Amended Complaint makes no attempt to address this whatsoever.  Finally, the First Report clearly stated that "to the extent Plaintiff wishes to allege claims based on distinct legal theories, she must allege separate and distinct counts." R-39.  Instead of making this easy amendment, Plaintiff doubled down and added an additional claim within the existing singular count that was guilty of the same deficiency the Court already addressed.

The EEOC's amicus brief suggests that dismissal with prejudice was "especially harsh" because this was the first time Plaintiff had improperly merged separate statutory claims. EEOC Amicus, at 31.  This is a red herring and should be rejected out of hand.  But the precedent in this Circuit is crystal clear:

> Our precedent is clear: "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds. Here, Barmapov was represented by counsel, the district court dismissed his first amended complaint after explaining why it was a shotgun pleading, and the court gave him a chance to try again. Barmapov squandered that opportunity by filing another shotgun pleading. Under this circumstance, we have no doubt that the district court did not abuse its discretion.

*Barmapov*, 986 F.3d at 1326. *See also, Rance v. Rocksolid Granit USA, Inc.,* No. 08-21369-CIV, 2010 WL 11601453, at *4, n.1 (S.D. Fla. Sept. 2, 2010) (claim asserted for first time in amended complaint suffered from same deficiencies identified in previous dismissal orders warranting dismissal of such claims with prejudice.)

As a result, the District Court was well within its discretion to dismiss the Amended Complaint with prejudice.

## **CONCLUSION**

For the foregoing reasons, the District Court's Order of Dismissal with Prejudice must be affirmed.

Respectfully submitted,
WARD DAMON PL

*/s/ Kenneth M. Rehns*
Kenneth M. Rehns, Esq.
Florida Bar No. 1003357
krehns@warddamon.com
4420 Beacon Circle
West Palm Beach, Florida 33407-3281
Telephone: (561) 842-3000

*Attorneys for (ARIA) Addiction Recovery Institute of America, LLC*

39

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this Brief complies with the word limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Federal Rule of Appellate Procedure 27(a)(2)(B), this document contains 9,166 words.

I also certify that this Brief complies with the typeface requirements of the Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of the Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface setting using Microsoft Word in 14-point font and Times New Roman type style.

*/s/ Kenneth M. Rehns*
Kenneth M. Rehns, Esq.

40

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 6, 2023, I filed the foregoing document with the United States Court of Appeals for the Eleventh Circuit Electronic Case Filing System, which will provide a true and correct copy to counsel of record for all parties and amici, including G. Ware Cornell, Jr. Cornell & Associates, P.A., <u>ware@warecornell.com</u>, counsel for Appellant and Equal Employment Opportunity Commission, Steve Winkelman, <u>Steve.winkelman@eeoc.gov</u>.

*<u>/s/ Kenneth M. Rehns</u>*
Kenneth M. Rehns, Esq.
