**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**
APPEAL NO.: 23-12285-D
LT CASE NO.: 9:22-cv-81149-AMC

**YOLANDA HERNANDEZ**,
Appellant,

v.

**CAREERSOURCE PALM BEACH COUNTY, FLORIDA,**
Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

# APPELLANT'S REPLY BRIEF

---

*G. Ware Cornell, Jr.*
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Attorney for Appellant*
2645 Executive Park Drive
Weston, Fla. 33331
Ph: (954) 618-1041

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Appellant Yolanda Hernandez, certifies, in accordance with Federal Rules of Appellate Procedure and the accompanying circuit rules, that the following persons and corporate entities may have an interest in the outcome of this action:

**Interested Persons & Corporate Entities**

1. Honorable Aileen M. Cannon, United States District Judge
2. Honorable Ryan M. McCabe, United States Magistrate Judge
3. Yolanda Hernandez, Appellant
4. Cornell & Associates, P.A., Counsel for Appellant
5. G. Ware Cornell, Jr., Counsel for Appellant
6. CareerSource Palm Beach County, Florida, Appellee
7. Ward Damon, P.L., Counsel for Appellee
8. Kenneth Mark Rehns, Counsel for Appellee
9. Equal Employment Opportunity Commission (EEOC), Amicus
10. Goldstein, Jennifer S. , Associate General Counsel, EEOC
11. Reams, Gwendolyn Young, Acting General Counsel, EEOC
12. Smith, Dara S., Assistant General Counsel, EEOC
13. Winkelman, Steven I., Attorney, EEOC

## TABLE OF CONTENTS

**PAGE**

Certificate of Interested Persons and Corporate Disclosure Statement…..………...1

Table of Contents……………………………………………………………...2

Table of Citations……………………………………………………………..3

Argument……………………………………………………………………..5

Conclusion…………………………………………………………………...10

Certificate of Compliance……………………………………………………11

Certificate of Service………………………………………………………...11

## TABLE OF CITATIONS

**PAGE**

**CASES**


Ashcroft v. Iqbal,
556 U.S. 662 (2009)……………………………………………………6

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 563 (2007)………………………………………………6

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955, 1973, 550 U.S. 544, 570 (U.S., 2007)……………………..8

Gomez v City of Doral,
2022 WL 19201 (C.A.11 2022)…………………………………………..7

Iqbal v. Hasty,
490 F.3d 143, 157 (2d Cir.2007)…………………………………………6

Perry v. Simplicity Eng'g,
900 F.2d 963, 966 (6th Cir.1990)…………………………………………5

Phillips Petroleum v. Bynum
155 F.2d 196, 199 (5th Cir.1946)…………………………………………9

Salve Regina College v. Russell
499 U.S. 225, 238, 111 S.Ct. 1217, 1224 (1991)……………………………5

Sims' Crane Serv., Inc. v. Ideal Steel Prod., Inc.,
800 F.2d 1553, 1555-56 (11th Cir. 1986)…………………………………9

Vibe Micro, Inc. v. Shabanets,
878 F.3d 1291, 1296 (11th Cir. 2018)……………………………………9

United States v. Warf
529 F.2d 1170, 1174 (5th Cir. 1976)………………………………………7

Weiland v. Palm Beach Cnty. Sheriff's Off.,
792 F.3d 1313, 1323 (11th Cir.……………………………………………8

**STATUTES**

Title VII……………………………………………………………………..7, 9, 10

The Florida Civil Rights Act…………………………………………………9

**RULES**

Federal Rule of Civil Procedure 8(a)(2)……………………………………………8

11th Cir. R. 36, IOP (2)………………………………………………………………..9

**TREATISES**

5 Wright & Miller, Federal Practice and Procedures:

Civil 3d §1215, (3d Ed. 2004)……………………………………………..8

## ARGUMENT

Appellee's Answer Brief misapprehends the nature of the review of the legal sufficiency of an Amended Complaint below and here. In either forum, the duty of federal judges is to accept the factual allegations set forth in the Amended Complaint as true and draw all reasonable inferences in favor of the plaintiff.

As both sides agree in their briefs, this Court's review of the proceedings below is *de novo*. (Answer Brief, page 9)

Despite this clear recognition of the applicable standard of review, CareerSource overlooks its significance when it argues that Appellant has abandoned any challenge to the "plausibility" issue. As the Supreme Court has held: "When de novo review is compelled, no form of appellate deference is acceptable."Salve Regina College v. Russell, 499 U.S. 225, 238, 111 S. Ct. 1217, 1224 (1991)

The Sixth Circuit has put it this way:

> When a court reviews a decision *de novo,* it simply decides whether or not it agrees with the decision under review.
>
> Perry v. Simplicity Eng'g, 900 F.2d 963, 966 (6th Cir.1990)

Essentially, this Court is charged with applying a fresh set of eyes to the Amended Complaint and as a result cannot give any deference to the decision below. Such review compels reversal as the Amended Complaint is entirely plausible.

The pleading test requires that the plaintiff satisfies "a flexible plausibility standard." Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007), rev'd on other grounds, Ashcroft v. Iqbal, 556 U.S. 662 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).

Here, the District Judge asserted that the Amended Complaint was implausible because she rejected the comparators. That rejection was in error as both our Initial Brief and the Amicus Brief of the Equal Employment Opportunity Commission extensively argued.

Misstatements in the record

Consider the following from Appellee's Answer Brief:

> Plaintiff has already conceded that which her Amended Complaint conveniently ignores, that to the extent Plaintiff's and Defendant's President's conduct was the same, both Plaintiff and the Vice President were in fact terminated, thereby nullifying Plaintiff's disparate treatment allegations. R-21 ("Executive Committee members and the board attorney are aware of the Vice President's conduct] and other incidents which came to light after the termination of the VP.")
> (Answer Brief page 13).

No record of any such "concession" exists.

The Amended Complaint states at ¶¶ 18-19:

> 18. For instance, a male Vice President was discovered by a cleaning worker having sex with a subordinate female employee in a conference room. This was reported to Human Resources and no action was taken against the male Vice President.

> 19. On another occasion, the Chief Operating Officer was rumored to be having an affair with a subordinate whom he married very shortly after his wife died. No disciplinary action was ever taken against him. (R.14)

The only other source for this claim would be Steve Craig's Declaration Under Penalty of Perjury (R.21-1). However, that Declaration never alleges any grounds for that Vice President's termination.

There could be many reasons for that executive's termination, but none are set out in the record. Since all inferences are required to be resolved in favor of the non-moving party below, this argument violates rules of decision applicable to all federal courts. As such, this argument should never have been presented in Appellee's Answer Brief. Accord, United States v. Warf, 529 F.2d 1170, 1174 (5th Cir. 1976) It must be disregarded.

No heightened pleading requirement

One particular argument in CareerSource's brief attempts to utilize an unpublished decision set forth in the EEOC's Amicus Brief as setting a standard for pleading requirements. On page 28 of its brief, Appellee states:

> Yet here, Plaintiff did not include any of the type of facts that were already included in [1], to allow the District Court to draw "'a reasonable inference, and thus a plausible claim,' that her employer violated Title VII and the FCRA." Id. (Thus, for the foregoing reasons, the District Court did not err in finding that there were "material differences between Plaintiff and the two identified comparators warranting dismissal.
> (Answer Brief, page 28)

[1] Gomez v City of Doral, , 2022 WL 19201 (C.A.11 2022)

In effect, Appellee justifies the erroneous decision below on a heightened pleading standard which the trial court applied *sub silentio*. The District Judge herself did not claim that she was applying a heightened standard to her order.

Federal courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1973, 550 U.S. 544, 570 (U.S., 2007).

This rule is consistent with Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545, quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "This notice function … represents the core of the pleading process under the Federal Rules." 5 Wright & Miller, Federal Practice and Procedures: Civil 3d § 1215, at 173-74 (3d Ed. 2004).

Not a Shotgun

The argument that a single issue case - gender discrimination - presents a shotgun pleading sufficient to deny the opposing party and the Court the opportunity to understand the claim is simply preposterous.

> "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

> The core mission of the U.S. Equal Employment Opportunity Commission (EEOC or the Commission) is to prevent and remedy discrimination in America's workplaces and advance equal employment opportunity for all.
>
> https://www.eeoc.gov/eeo-policy-statement

Both the trial court and the Appellee have displayed full understanding of a simple claim of gender discrimination. The claim that the jointer of two civil rights statutes in one count creates difficulties is not understandable however.

In this Circuit special verdict interrogatories are common which would allow for the separation of the few statutory distinctions between Title VII and the Florida Civil Rights Act. "Furthermore, special verdicts or interrogatories are the appropriate way to obtain specific answers from a jury. Phillips Petroleum v. Bynum, 155 F.2d 196, 199 (5th Cir.1946)" Sims' Crane Serv., Inc. v. Ideal Steel Prod., Inc., 800 F.2d 1553, 1555-56 (11th Cir. 1986)

Furthermore, in the alternative, rather than dismissing the entire action, the District Court should not have dismissed the state count with prejudice, as we set forth in our Initial Brief. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). Appellee's attempt to distinguish Vibe Micro, supra, a published decision, must fail because, by claiming it is but "a single case" Appellee presents little more than an attempt to avoid application of controlling authority. See, 11th Cir. R. 36, IOP (2) ("Under the law of this circuit, published opinions are binding precedent.")

The EEOC's Amicus

The involvement of the EEOC is both significant and rare. Rather than "attempting to come to the rescue"[2] of Appellant as Appellee, the Commission's involvement is occasioned by concern over the implications the implications of the decision below should other courts follow it:

> "This appeal presents important questions concerning the appropriate pleading standard for sex discrimination claims under Title VII when a plaintiff relies on allegations about comparators."
> Amicus Brief, page 1

This Court should carefully consider the views of the agency set forth in its Amicus Brief as it is specifically charged under federal law with the protection of employees from workplace discrimination. If there is a "rescue' mission, that mission is far broader than the sarcastic views of Appellee allow.

**CONCLUSION**

This Court should reverse the District Court with instructions to set this case for jury trial.

**DATED December 18, 2023**

BY: *G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No. 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
Counsel for Appellant
2645 Executive Park Drive

[2] Answer Brief, page 27

Weston, Fla. 33331
Tel: (954) 618-1041

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1838 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the type face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface with Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

I certify that on December 18, 2023, I served a copy of this brief via Federal Express Next Day to the Clerk of this Court and to counsel for the Appellee,

*/s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No. 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
Counsel for Appellant
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 618-1041